`IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALID A. MUHAMMAD, : | |
| Plaintiff, : | |
| : | No. 1:18-cv-1412 |
| v. : | |
| : | (Judge Kane) |
| C.O. GRAY, et al., : | |
| Defendants : | |

**MEMORANDUM**

Presently before the Court is Defendant Sgt. Linsinbigler's motion for summary judgment. (Doc. No. 57.) For the reasons set forth below, the Court will grant the motion.

**I.     BACKGROUND**

Pro se Plaintiff Walid A. Muhammad ("Plaintiff"), who is presently confined at the State Correctional Institution Mahanoy in Frackville, Pennsylvania ("SCI Mahanoy"), initiated the above-captioned action on July 16, 2018 by filing a complaint pursuant to 42 U.S.C. § 1983 against Defendants C.O. Gray ("Gray"), C.O. Lowery ("Lowery"), C.O. Jennings ("Jennings"), Linsinbigler, and C.O. Grant ("Grant"), all of whom Plaintiff alleged were employed at SCI Waymart. (Doc. No. 1.) Plaintiff alleges that he was subjected to the use of excessive force and assault and battery on May 30, 2017, while he was incarcerated at SCI Waymart. (Id. at 4.) Specifically, Plaintiff maintains that on that date, he was talking to Mr. Hill when Defendant Lowery "push[ed] his chest up against [Plaintiff's] and grab[bed] [Plaintiff] by the throat." (Id.) Plaintiff alleges that Defendant Jennings then sprayed his face and eyes with mace. (Id.) Plaintiff states further that Defendant Lowery slammed him up against a wall and Defendants Gray and Lowery punched him in the face. (Id.) Plaintiff was taken to the ground, and Defendants Lowery, Jennings, and Gray repeatedly kicked him. (Id.) As relief, Plaintiff requests damages. (Id.)

Defendants Gray, Lowery, Jennings, and Linsinbigler filed an answer to the complaint on January 22, 2019.[1] (Doc. No. 34.) After receiving two (2) extensions of time (Doc. Nos. 47, 48, 50, 52), the parties completed discovery on November 15, 2019, and the Court directed that any dispositive motions be filed by December 20, 2019 (Doc. No. 52). Defendant Linsinbigler filed a motion for summary judgment (Doc. No. 57) and supporting materials (Doc. Nos. 58, 59) on December 18, 2019. To date, Plaintiff has filed neither a brief in opposition nor a motion seeking an extension of time to do so. Accordingly, because the time for filing an oppositional brief has expired, Defendant Linsinbigler's motion for summary judgment is ripe for disposition.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) requires the Court to render summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(a). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. See id. at 248; Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence

---

[1] The docket in the above-captioned case indicates that the answer was also filed on behalf of Defendant Grant. (Doc. No. 34.) Defendant Grant, however, has never been served with Plaintiff's complaint. (Doc. No. 32) (summons issued to Defendant Grant returned as unexecuted because there was "no such guard by the name of Grant" at SCI Waymart). Defendant Linsinbigler's brief in support of his motion for summary judgment notes that counsel "does not represent" Defendant Grant. (Doc. No. 58 at 2 n.1.) Thus, it appears that the notation that the answer was filed on behalf of Defendant Grant is a clerical error. The Court addresses Plaintiff's claims against Defendant Grant infra in Part III.B.

is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 257; Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am., 927 F.2d 1283, 1287-88 (3d Cir. 1991).

When determining whether there is a genuine issue of material fact, the Court must view the facts and all reasonable inferences in favor of the nonmoving party. See Moore v. Tartler, 986 F.2d 682 (3d Cir. 1993); Clement v. Consol. Rail Corp., 963 F.2d 599, 600 (3d Cir. 1992); White v. Westinghouse Elec. Co., 862 F.2d 56, 59 (3d Cir. 1988). In order to avoid summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of his or her pleadings. When the party seeking summary judgment satisfies its burden under Rule 56 of identifying evidence that demonstrates the absence of a genuine issue of material fact, the nonmoving party is required to go beyond his pleadings with affidavits, depositions, answers to interrogatories, or the like in order to demonstrate specific material facts that give rise to a genuine issue. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts." See Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986). When Rule 56 shifts the burden of production to the nonmoving party, that party must produce evidence to show the existence of every element essential to its case that it bears the burden of proving at trial, for "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." See Celotex, 477 U.S. at 323; see also Harter v. G.A.F. Corp., 967 F.2d 846, 851 (3d Cir. 1992).

In determining whether an issue of material fact exists, the Court must consider the evidence in the light most favorable to the nonmoving party. See White, 862 F.2d at 59. In doing so, the Court must accept the nonmovant's allegations as true and resolve any conflicts in

3

his favor. See id. (citations omitted). However, a party opposing a summary judgment motion must comply with Local Rule 56.1, which specifically directs the oppositional party to submit a "statement of the material facts, responding to the numbered paragraphs set forth in the statement required [to be filed by the movant], as to which it is contended that there exists a genuine issue to be tried"; if the nonmovant fails to do so, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted." See L.R. 56.1. A party cannot evade these litigation responsibilities in this regard simply by citing the fact that he is a pro se litigant. These rules apply with equal force to all parties. See Sanders v. Beard, Civ. No. 09-1384, 2010 WL 2853261, at *5 (M.D. Pa. July 20, 2010) (stating that pro se parties "are not excused from complying with court orders and the local rules of court"); Thomas v. Norris, Civ. No. 02-01854, 2006 WL 2590488, at *4 (M.D. Pa. Sept. 8, 2006) (explaining that pro se parties must follow the Federal Rules of Civil Procedure).

### III. DISCUSSION

#### A. Defendant Linsinbigler's Motion for Summary Judgment

##### 1. Statement of Material Facts[2]

---

[2] The Local Rules provide that in addition to the requirement that a party file a brief in opposition to the moving party's brief in support of its motion, "[t]he papers opposing a motion for summary judgment shall include a separate, short and concise statement of material facts responding to the numbered paragraphs set forth in the statement [of material facts filed by the moving party] . . . as to which it is contended that there exists a genuine issue to be tried." See M.D. Pa. L.R. 56. 1. The Rule further requires the inclusion of references to the parts of the record that support the statements. See id. Finally, the Rule states that the statement of material facts required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party. See id. Unless otherwise noted, the background herein is derived from Defendant Linsinbigler's Rule 56.1 statement of material facts. (Doc. No. 59.) Plaintiff failed to file a response to Defendant Linsinbigler's statement of material facts in compliance with M.D. Pa. L.R. 56.1. Accordingly, the Court deems the facts set forth by Defendant Linsinbigler to be undisputed. See Fed. R. Civ. P. 56(e)(2); M.D. Pa. L.R. 56.1; Bowman v. Mazur, Civ. No. 08-173J, 2010 WL 2606291, at *3

On May 30, 2017, Plaintiff was speaking to his counselor in the dayroom at SCI Waymart. (Doc. No. 59 ¶ 2.) Subsequently, Plaintiff had a confrontation with Defendant Lowery. (Id. ¶ 3.) Defendants Gray and Jennings "eventually responded and were involved in the confrontation." (Id. ¶ 4.) Defendant Linsinbigler was not involved in this incident. (Id. ¶ 5.)

### 2. Plaintiff's Claims Against Defendant Linsinbigler

Defendant Linsinbigler asserts that he is entitled to summary judgment because he was not personally involved in the May 30, 2017 incident. (Doc. No. 58 at 3.) Liability may not be imposed under § 1983 on the traditional standards of respondeat superior. See Capone v. Marinelli, 868 F.2d 102, 106 (3d Cir. 1989). The plaintiff in a § 1983 suit must allege that each named defendant was personally involved in the events or occurrences that underlie the claim. See Atkinson v. Taylor, 316 F.3d 257, 270-71 (3d Cir. 2003); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity."); see also Ayers v. Coughlin, 780 F.2d 205, 210 (2d Cir. 1985) (concluding that a mere "linkage in the prison chain of command" is not sufficient to demonstrate personal involvement for purposes of a civil rights action").

Defendant Linsinbigler has submitted a transcript of Plaintiff's deposition to support his motion for summary judgment. (Doc. No. 59-1.) This transcript reflects that when asked by counsel how Defendant Linsinbigler was involved in the May 30, 2017 incident, Plaintiff

---

(W.D. Pa. Oct. 30, 2010) ("Plaintiff's responsive statement of material facts is insufficient to create a genuine issue of material fact because it failed to comply with Local Rule 56.1.").

responded that he was not involved. (Id. at 44.) Plaintiff clarified that the above-captioned case is "only against Lowery, Jennings, and Gray." (Id. at 45.) Moreover, in a letter received by the Court from Plaintiff on November 21, 2019, Plaintiff reiterated that Defendant Linsinbigler was not involved in the May 30, 2017 incident. (Doc. No. 56.) In that letter, Plaintiff claimed that Defendant Linsinbigler was involved in an incident that occurred on April 29, 2017 (id.), but his complaint is devoid of facts regarding any incident that occurred on that date. Plaintiff has not responded to Defendant Linsinbigler's motion for summary judgment and, therefore, has not demonstrated that a genuine issue of material fact regarding Defendant Linsinbigler's lack of involvement exists. Accordingly, the Court will grant Defendant Linsinbigler's motion for summary judgment on the basis that there is no evidence of record that could reasonably suggest that Defendant Linsinbigler was personally involved in the events of May 30, 2017.

### B. Plaintiff's Claims Against Defendant Grant

As noted supra, Plaintiff has also named C.O. Grant as a Defendant in this matter. Defendant Grant has not been served with Plaintiff's complaint because "there is no record of a Corrections Officer by that name ever working at SCI Waymart." (Doc. No. 58 at 2.) Moreover, in his deposition, Plaintiff admitted that Defendant Grant was not involved in the events that occurred on May 30, 2017. (Doc. No. 59-1 at 45.)

Under 28 U.S.C. § 1915A, a federal district court must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." See 28 U.S.C. § 1915A(a). If a complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," the Court must dismiss the complaint. See id. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding in forma pauperis and prisoners challenging prison conditions. See

id. § 1915(e)(2)(B) ("[T]he [C]ourt shall dismiss the case at any time if the [C]ourt determines that . . . the action or appeal . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The Court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the [C]ourt is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted."). While such screening should be done "as soon as practicable after docketing," the Court is not precluded from conducting such screening after an answer is filed. See Lair v. Purdy, 84 F. App'x 413, 414 (5th Cir. 2003); Janowski v. Williams, No. 12-3144 (FLW), 2015 WL 4171727, at *2 n.1 (D.N.J. July 10, 2015) ("A § 1915A dismissal may be made at any time, before or after service of process and before or after an answer is filed." (quoting Loving v. Lea, No. 13-158, 2013 WL 3293655, at *1 (M.D. La. June 28, 2013))).

When deciding whether a complaint fails to state a claim on which relief may be granted, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v. Koons, No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC

7

Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). When evaluating the plausibility of a complaint, the Court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. See Iqbal, 556 U.S. at 679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). However, the Court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). In addition, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se is "to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle, 429 U.S. at 106) (internal quotation marks omitted).

In the instant case, the record before the Court is clear that Defendant Grant had no personal involvement in the events that occurred on May 30, 2017. Thus, Plaintiff has failed to state a claim against Defendant Grant. See Rode, 845 F.2d at 1207. Although Plaintiff's November 21, 2019 letter to the Court mentions that Defendant Grant was involved in an incident that occurred on April 29, 2017 (Doc. No. 56), as noted above, Plaintiff's complaint is devoid of facts regarding any incident that occurred on that date. Accordingly, the Court will dismiss Defendant Grant from this matter pursuant to §§ 1915A(b)(1) & 1915(e)(2)(B)(ii).

## IV. CONCLUSION

For the foregoing reasons, Defendant Linsinbigler's motion for summary judgment (Doc. No. 57) will be granted. The Court will also dismiss Defendant Grant as a defendant in the above-captioned case pursuant to 28 U.S.C. §§ 1915A(b)(1) & 1915(e)(2)(B)(ii). An appropriate Order follows.